UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

H. DAVID WALLICK and
PHYSICIAN'S CHOICE, USA, LLC,

        Plaintiffs,

Case No. 8:04-cv-948-T-27MSS

vs.

RICHARD BLACKFORD, *et al.*,

        Defendants.
_____

## ORDER

This cause comes on for consideration of Defendant, Dr. Steven S. Harvey's Motion to Compel Answers to Interrogatories (Dkt. 48) and Plaintiff, H. David Wallick's response thereto (Dkt. 53). Upon consideration of the Court, Defendant's Motion is **DENIED WITHOUT PREJUDICE**.

Defendant, Dr. Harvey, asked this Court to compel Plaintiff, Mr. Wallick, to respond to two interrogatories in dispute. However, Plaintiff's counsel correctly notes that Defendant is limited to 25 interrogatories under the Rules. Defendant's interrogatories as currently constructed violate the Rules. Local Rule 3.03(a) provides that no party shall serve in excess of 25 written interrogatories pursuant to Fed. R. Civ. P. 33, unless otherwise permitted by the Court. Fed. R. Civ. P. 33(a) provides that any party may serve upon any other party written interrogatories, not exceeding 25 in number, including all discrete subparts. Further, parties cannot evade the imposed limitation by attempting to join as subparts questions that seek information about discrete separate subjects. Advisory Committee Notes, 1993 Amendments to Fed. R.Civ.P. 33(a). The parties adopted this

limitation in their Case Management Report and Order (Dkts. 34 and 36).

Plaintiff correctly contends that, "The Defendant's attempt to circumvent the Rules by lumping together an excessive number of discrete and separate interrogatories and subparts under the guise of two numbered questions would render the Rules a hollow nullity." (Dkt. 53 at 2). If Defendant wished to serve interrogatories numbering in excess of 25, leave of Court was required. No such leave was sought. For example, Defendant directs Plaintiff to review each of his allegations of the Complaint and, for each, provide answers for up to six questions. Considering just one such interrogatory addressed to the five Counts of the Complaint yields thirty interrogatories.

Accordingly, it is **ORDERED** that:

1. Defendant's Motion to Compel Answers to its Interrogatories as propounded is **DENIED** (Dkt. 48).

2. Each party shall bear his own costs and fees associated with the pursuit and defense of Defendant's Motion to Compel Answers to Interrogatories.

**DONE AND ORDERED** in Tampa, Florida on this 5th day of May 2005.

Copies to:

Counsel of Record

MARY S. SCRIVEN
United States Magistrate Judge